

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NEAL SALES,   )   3:17-cv-00186-RCJ-WGC
               )
  Plaintiff,   )   **ORDER**
               )
  vs.          )   Re: ECF No. 17
               )
KIM ANDERSON, *et al.*, )
               )
  Defendants.  )

Before the court is Plaintiff's "First Amended" Motion for the Appointment of Counsel. (ECF No. 17.) Plaintiff's first motion for appointment of counsel was denied, without prejudice, by Senior District Judge Jones in the court's screening order. (ECF No. 5 at 15). Defendant has opposed Plaintiff's "First Amended" motion. (ECF No. 21).

Plaintiff bases his motion on the fact he "has completed only the third grade and suffers from significant social and mental deficiencies which would prevent his ability to function pro se in this prosecution." (ECF No. 17 at 6.) Plaintiff further states "he is incapable of representing himself in this case as he is mentally incompetent if not legally retarded." (*Id.*)

No documentation regarding Plaintiff's alleged mental competence or retardation was provided the court. Plaintiff contends that Administrative Regulation (AR) 639 restricts an inmate to one hour annually to review his records. Plaintiff is correct that AR 639.03(1)(4))A)(b) contains such a restriction. That same section, however, provides that "...if the inmate feels that additional time is needed for the review, the inmate is permitted to (I) Request an additional review." It does not appear that Plaintiff made such a request. Also, according to plaintiff's "time line," his last request to review

medical records was sometime in March 2015. (ECF no. 17 at 9, ¶ 12).

Plaintiff further states that "NDOC Regulations explicitly preclude Inmate review of Mental Health Records..." (ECF 17 at 10, ¶ 18). Plaintiff is correct that AR 639.03(3) generally prohibits inmates from reviewing their "psychiatric/psychological materials..." However, subsection (4) states that an exception to this prohibition appears to be where "an inmate's personal litigation directly involv[es] these psychiatric/psychological records," they are to be review by a psychiatric/psychological professional." If that individual suggests the records should be withheld from an inmate, they still may be released upon a court order. It does not appear that Plaintiff made a request to review his psychiatric/psychological records to bolster his claim of "mental incompetence" or that he is "legally retarded."

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra*, 789 F.2d at 1331.

With respect to the *Terrell* factors, Plaintiff has not demonstrated exceptional circumstances which prevent Plaintiff from articulating his claims. As noted above, Plaintiff has failed to present documentary evidence in support of his contention that he is "mentally incompetent if not legally retarded." Plaintiff, albeit with the apparent assistance of a fellow inmate, has shown an ability to articulate his claims. *See*, e.g., ECF Nos. 1, 17, and 18.

///

///

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claim involved in this action is not unduly complex. In the court's screening order (ECF No. 5), Plaintiff's complaint was found to state one claim for failure to protect against Defendant Baros (Count II) (*Id.* at 16.) Plaintiff Sales claims to have been assaulted by another inmate, that Defendant Baros was aware of the risk that another inmate might assault Plaintiff, and that Custodial Officer Baros failed to take any action to prevent the assault. This is not a particularly complex factual or legal scenario.

In the page of Plaintiff's motion captioned with the printed title, "**<u>Complexity of Legal Issues</u>**," (ECF No. 17 at 7), Plaintiff only addresses his alleged inability to access his NDOC I-file and his medical file. He does not explain, however, how the content of either of those files might contain information relevant to the claim that Baros was aware of the likelihood of an assault by a fellow inmate but failed to take steps to prevent the assault.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. In fact, Plaintiff does not address this element, which is a requirement of the Court of Appeals for the Ninth Circuit. *See, Wilborn, supra; Terrell, supra.*[1]

Plaintiff states that as a *pro se* inmate, he is hampered by his inability to investigate the claims and defenses, pursue depositions, interview witnesses, etc. While any *pro se* inmate such as Mr. Sales

---

[1] Plaintiff's citation of *Stickney v List*, 519 F. Supp 617 (1981) (ECF No. 17 at 3-4) is inapposite for several reasons. First, the decision of District Judge Reed which Plaintiff quotes seemingly pertained to conditions at Northern Nevada Correctional Center, *not* at Lovelock Correctional Center (which is the subject and venue of the one claim to survive screening; ECF No. 5 at 8-11). Furthermore, the language Plaintiff quotes in his motion (ECF No. 17 at 3-4) regarding overcrowding at NNCC does *not* appear in the case citation Plaintiff has provided.

3

would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The Court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the Court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Those exceptional circumstances do not exist in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's motion (ECF No. 17).

**IT IS SO ORDERED.**

DATED: July 12, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE