**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEAL SALES, | Case No.: 3:17-cv-00186-RCJ -WGC |
| Plaintiff, | **Order** |
| v. | Re: ECF No. 27 |
| KIM ADAMSON, | |
| Defendants | |

Before the court is defendant Susan Baros' motion for leave to file Plaintiff's I-file under seal. (ECF No. 27.) The I-file is submitted as an exhibit in support of Baros' motion for summary judgment.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right

of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.*

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Baros seeks to file the I-file under seal in connection with her motion for summary judgment which is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

Baros asserts that the I-file contains Plaintiff's "risk assessment for re-entry, correspondence with NDOC staff, disciplinary documents, etc." (ECF No. 27 at 3.) She argues that there is little need for public disclosure of this information as compared to the significant interest in preserving the confidentiality of this private and sensitive information. She contends it should be sealed to protect Plaintiff's confidentiality and institutional safety and security.

The court finds Baros has not set forth compelling *reasons* justifying the sealing of the I-file. A generalized assertion that a document's filing in the public domain presents a safety and security risk does not meet the compelling standards standard set forth in *Center for Auto Safety*. Baros does not explain how the documents within the I-file actually pose any safety or security threat. A review of the exhibit proposed for sealing does not seem to disclose anything that is not already in the public domain by virtue of the allegations in Plaintiff's complaint. Moreover, most of the I-file does not appear to have any relevance to Plaintiff's case at all.

The file contains a risk assessment that does not appear to disclose any sensitive information, and Baros has not explained what is sensitive about that document. There is a notice

of classification hearing and various classification documents with no obvious sensitive information. The file also contains several pages concerning disciplinary action taken that do not appear to have anything to do with this case, nor is there anything obviously sensitive in them. The file includes several unauthorized mail notification forms that do not appear confidential or sensitive in any way. The file does contain a kite to the warden, advising of the May 2016 sexual assault by Pee Wee and asking why he was not on Plaintiff's enemy list, but Plaintiff discloses the assault himself in the complaint. A kite asking for a copy of the incident report for the assault also does not disclose any more information than is already disclosed in the complaint. The file has a kite requesting new mattresses under a double mattress medical order, but it also does not contain particularly sensitive information. The culinary utensil issuance form does not appear to be confidential or sensitive in any way. A kite for an administrative claim form cannot be characterized confidential or sensitive. There is a request to be celled with an inmate who already had a cellmate, which does not appear to present any sensitive information warranting sealing. Finally, requests for a notary, a religious book, and about the common fare diet lack any indicia of confidential or sensitive information.

In sum, Baros did not set forth compelling reasons for sealing I-file, and a review of the I-file itself does not reveal compelling reasons for sealing. Therefore, Baros' motion (ECF No. 27) is **DENIED**. The Clerk is directed to **UNSEAL** the I-file (ECF No. 28-1) which was provisionally sealed while the motion to file it under seal was pending.

**IT IS SO ORDERED**.

Dated: March 18, 2019.

William G. Cobb
United States Magistrate Judge

4