**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Neal Sales, | ) |
|         Plaintiff, | ) 3:17-cv-00186-RCJ-WGC |
| vs. | ) |
| Susan Baros, | ) **ORDER** |
|         Defendant. | ) |

Plaintiff moves this Court to issue a preliminary injunction mandating Defendant to provide medical care to treat his medical issues. Plaintiff's motion fails for at least two reasons. First, his only cause of action is that Defendant failed to protect him from a serious risk of harm, which is not related to the injunction he seeks. Second, he has not made the required showing that he is likely to succeed on the merits of his claim. Thus, the Court denies his motion.

**Legal Standard**

A preliminary "injunction is a matter of equitable discretion," and it is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008). To obtain a preliminary injunction, a plaintiff must demonstrate (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the interest of the public. *Id.* at 20.

**Analysis**

In his motion, Plaintiff asserts that he is not receiving adequate medical treatment and asks this Court to provide a preliminary injunction against Defendant to provide such treatment. In order for a district court to grant a preliminary injunction, there must be a sufficient nexus between

the underlying claims and the injunction, i.e., the injunction would provide for "relief of the same character as that which may be granted finally." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Plaintiff's motion fails to meet this test.

Here, even if Plaintiff were to succeed in his claim, the Court could not order an injunction requiring different medical treatment—success in this litigation would not entail that his current medical treatment is inadequate. Accordingly, the Court finds that there is not the requisite nexus between the proposed injunction and possible relief. This finding alone entails a denial of Plaintiff's motion.

In addition, Plaintiff's motion fails because he did not show that he is likely to succeed in his claim that Defendant violated the Eighth Amendment by failing to protect him from an assault. In order to do so, Plaintiff would need to prove three elements: (1) that Plaintiff was subject to a substantial risk of serious harm; (2) that Defendant was deliberately indifferent to this risk, and (3) that Defendant's acts or omissions caused another inmate to assault Plaintiff. *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994)).

In Plaintiff's briefs he provides three exhibits; however, these exhibits provide no evidence of his underlying claim. In fact, the only mentions of Defendant are in Plaintiff's Exhibit 1, which he attached to his reply. Even if the Court considers this evidence,[1] this evidence does not show that Plaintiff would likely succeed on the merits. Rather, the exhibit only mentions Defendant twice; both mentions are dated after the assault. The first mention of Defendant is in her report

---

1 This Court's local rules prohibit evidence submitted with reply briefs without leave of this Court. LR 7-2(g); LR 7-3(a); *see 1600 E. Newlands Drive, LLC v. Amazon.com NVDC, LLC*, No. 3:17-cv-00566-RCJ-WGC, 2019 WL 3997263, at *4 (D. Nev. Aug. 23, 2019).

after the alleged assault where she noted Plaintiff's complaints and moved him to another room. The second is a brief statement that Defendant informed Plaintiff not to call a particular number for medical issues. This evidence does not show any of the three elements. Accordingly, the Court denies Plaintiff's motion.

## Conclusion

IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction (ECF No. 84) is DENIED

IT IS SO ORDERED.

DATED: This 7th day of October, 2019.

_____
ROBERT C. JONES
United States District Judge