1
2
3
4
5
6           **UNITED STATES DISTRICT COURT**

7             **DISTRICT OF NEVADA**

8

9    NEAL SALES,

10            Plaintiff,                    Case No. 3:17-CV-00186-RCJ-WGC

11   vs.                                              **ORDER**

12   SUSAN BAROS,

13            Defendant.

14

15          In two motions, Plaintiff moves for sanctions against Defendant, claiming Defendant failed

16   to submit a proposed pretrial order in accordance with this Court's Order. However, the Order

17   mandated the parties together submit a *joint* proposal, and the Local Rules place the burden on

18   Plaintiff to initiate this process—not Defendant. Thus, Defendant has not violated the Order, so

19   the Court denies the motions.

20                    **FACTUAL BACKGROUND**

21          This Court denied summary judgment, (ECF No. 131), and then, on January 24, ordered

22   the parties to "lodge their proposed joint pretrial order within thirty (30) days from entry of this

23   order," (ECF No. 133). Plaintiff did not engage in any discussions with Defendant, (ECF No. 138

24   Ex. 2 at ¶ 6), and, instead, filed an individualized proposed pretrial order, (ECF No. 134).

Incorporating aspects of Plaintiff's proposal, Defendant prepared a draft proposal, which she sent to Plaintiff seeking his input. (ECF No. 138 Ex. 1.) Plaintiff did not respond to Defendant regarding her draft. (ECF No. 138 Ex. 2 at ¶¶ 8–9.) Defendant has not filed anything in response to this Court's Order, (ECF No. 133), and there is still no proposed joint pretrial order on the Docket.

Despite not responding to Defendant's communication, Plaintiff moves for sanctions under Fed. R. Civ. P. 16(f) and an entry of default judgment under Fed. R. Civ. P. 55, claiming that Defendant's failure to file an individualized proposed pretrial order constitutes noncompliance with the Order. (ECF Nos. 136–37.)

## ANALYSIS

Initially, the Court notes that Rule 55 is not applicable to this motion. This Rule places a defendant in default for failing to "plead or otherwise defend" in the action—not for failing to comply with a court order. Fed. R. Civ. P. 55(a). However, if Defendant did violate the Court's Order, Plaintiff is correct that Rule 16(f) grants the Court the ability to issue appropriate sanctions.

Nonetheless, Defendant did not violate the Court's Order—Plaintiff did. First, the Local Rules and the Order mandated the parties to file a proposed *joint* pretrial order. Instead of complying with that Rule and this Court's Order, Plaintiff filed his own individualized proposal. Second, LR 16-3(b) places "the initiative on the pro se plaintiff" to begin the process of conferring with the other parties in regard to "prepar[ing] and fil[ing] [the] proposed joint pretrial order." Thus, the Court cannot sanction Defendant for failing to satisfy Plaintiff's burden. Further, Defendant did more than the Rules require by taking the initiative in preparing a draft order, sending the draft to Plaintiff, and inviting his input, which Plaintiff then ignored and filed these motions instead.

Accordingly, the Court denies Plaintiff's motions, strikes his proposal, and orders the parties to prepare and file a *joint* proposed pretrial order no later than thirty days from the entry of

this Order. The Court takes this opportunity to remind the parties that failure to comply with the Court's Orders and the Local Rules may result in sanctions.

### CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Proposed Pretrial Order (ECF No. 134) is STRICKEN.

IT IS FURTHER ORDERED that Plaintiff's Motion: 55(a) Default; Default Judgment (ECF No. 137) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion: Enact Rule 16(f)(1)(A)(B)(C) (ECF No. 136) is DENIED.

IT IS FURTHER ORDERED that the parties shall file a Joint Proposed Pretrial Order no later than sixty days from the entry of this Order.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge