UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEAL SALES,<br><br>        Plaintiff,<br><br>vs.<br><br>KIM ADAMSON, et al.,<br><br>        Defendants. | Case No. 3:17-cv-00186-RCJ-WGC<br><br>**ORDER** |

Plaintiff, proceeding pro se, has made three filings with the following titles: "Motion: Federal Rules of Evidence" (ECF No. 149), "Motion: Proving an Official Record: Rule 44 F.R.C.P." (ECF No. 150), and "Motion–Pretrial Order/Plaintiff's Exhibits" (ECF No. 152). The Court will address each in turn.

### I.     Motion: Federal Rules of Evidence

In this motion, Plaintiff "objects to Defendant's exhibits #1–#15 on the Grounds of [Federal Rule of Evidence] 403." (ECF No. 149 at 4.) As this is his requested relief, the Court interprets this motion as a motion in limine. A motion in limine is a common and accepted method for obtaining an advance ruling on the admissibility of evidence without first exposing the evidence to and biasing a jury or prejudicing a party. *Ebenhoech v. Koppers Industries, Inc.*, 239

F. Supp. 2d 455, 461 (D.N.J. 2002). Here, Plaintiff merely concludes that "[a]ll relevant evidence is already on the Civil Rights Complaint's record. Defendant proposes to introduce 'evidence' that Rule 403 is designed to prevent." (ECF No. 149 at 4.) Plaintiff provides no argument as to how Defendant's exhibits violate Rule 403. The Court therefore denies this motion but notes Plaintiff may raise objections at trial to Defendant's evidence.

  **II. Motion: Proving an Official Record: Rule 44 F.R.C.P.**

In his next motion, Plaintiff seeks to have a copy of a prior opinion from this case issued by the Honorable William G. Cobb be deemed an "official record" by this Court and further seeks that he be allowed to "free[ly] use" this "document even though it's copywrited [sic] by . . . Matthew Bender & Company." (ECF No. 150 at 5.) The order at issue appears officially on this Court's docket as ECF No. 121. In it, Judge Cobb denied Plaintiff's motion for sanctions against Defendant Baros based on Plaintiff's contention Defendant Baros spoliated evidence. (ECF No. 121.) The exact relief that Plaintiff seeks is unclear, so the Court interprets the motion as an attempt to consider the unofficial publication of the order by Matthew Bender & Company as the official record. As the order is available on the official docket, the Court finds no need nor basis for such relief and thus denies the motion.

  **III. Motion–Pretrial Order/Plaintiff's Exhibits**

In his last filing, Plaintiff provides "discussion of damages . . . relevant to this civil rights complaint." (ECF No. 152 at 4.) Nowhere in this filing does Plaintiff seek any relief, as such the Court denies this motion. *See* LR 7-2 (listing requirements for motions). The Court notes Plaintiff will have the opportunity to prove damages at trial.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Motion: Federal Rules of Evidence (ECF No. 149) is DENIED.

IT IS FURTHER ORDERED that Motion: Proving an Official Record: Rule 44 F.R.C.P. (ECF No. 150) is DENIED.

IT IS FURTHER ORDERED that Motion–Pretrial Order/Plaintiff's Exhibits (ECF No. 152) is DENIED.

IT IS SO ORDERED.

Dated July 27, 2021.

_____
ROBERT C. JONES
United States District Judge